IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYAN W. WILDER, | § | |
| Plaintiff, | § § § | |
| V. | § | No. 3:18-cv-3010-N-BN |
| CALIBER HOME LOANS, INC., | § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER GRANTING LEAVE TO FILE ORIGINAL COUNTERCLAIM AND THIRD-PARTY CLAIM**

This action filed by a plaintiff proceeding *pro se* but not *in forma pauperis* has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Plaintiff Bryan W. Wilder challenges, through this action, "the constitutionality of Supreme Court Rule 736[ – or Texas Rule of Civil Procedure 736, providing for expedited foreclosure proceeding – ]because it violates Article V of the United States of America Constitution, the 14th Amendment to the Constitution and Section (a) of 22.004 of the Texas Government Code." Dkt. No. 9 (Notice of Constitutional Challenge of Statute); *see also id.* (certifying that the Notice will be served on the Texas Attorney General); Dkt. No. 17 (Order Certifying Constitutional Challenge, entered in accordance with Federal Rule of Civil Procedure 5.1(b) and 28 U.S.C. § 2403(b)).

Defendant Caliber Home Loans, Inc. now moves for leave to file its original counterclaim and third-party claim, requesting leave to seek a declaration for a non-

judicial foreclosure of the loan Wilder and his wife obtained that is at the center of this litigation – and previous litigation between the parties. *See* Dkt. No. 16. Wilder filed a response in opposition. *See* Dkt. No. 20. And Caliber filed a reply brief. *See* Dkt. No. 21.

The Court GRANTS Caliber's motion [Dkt. No. 16] for the reasons explained below. And the Clerk of Court shall docket Caliber Home Loans, Inc.'s Original Counterlcaim and Third-Party Claim [Dkt. No. 16-7].

**Legal Standards and Analysis**

When a party is not subject to an expired deadline for seeking leave to amend – as applicable to Caliber's motion for leave filed January 23, 2019, *see* Dkt. No. 14, ¶ 3 (providing that motion for leave to amend or supplement pleadings must be filed by March 29, 2019) – Federal Rule of Civil Procedure 15(a) requires that leave to amend be granted freely "when justice so requires," FED. R. CIV. P. 15(a)(2).

Since the 2009 amendments to the Federal Rules of Civil Procedure, Rule 15 solely governs "the proper scope of [timely requests to amend] pleadings," including requests to add counterclaims. *GEOMC Co., Ltd. v. Calmare Therapeutics, Inc.*, No. 3:14-cv-01222 (VAB), 2016 WL 6122930, at *3 (D. Conn. Oct. 19, 2016).

> Before the 2009 amendments ... , the proper scope of [such] amendments ... was also informed by former Rule 13(f), which required the court's leave in order to add new allegations to an answer. *See Southern New England Tel. Co. v. Global NAPS, Inc.*, No. 3:04-cv-2075 (JCH), 2007 WL 521162 (D. Conn. Feb. 14, 2007) (holding that, based on the interplay between Rule 13(f) and Rule 15, courts should apply a "narrow approach" requiring that any new counterclaims relate specifically to changes made to the complaint). This rule was abrogated in 2009, leaving only Rule 15 to govern the proper scope of amendments to pleadings. *See Virginia*

> *Innovation Scis., Inc. v. Samsung Elecs. Co.*, 11 F. Supp. 3d 622, 629-630 (E.D. Va. 2014) (holding that, based on the abrogation of Rule 13(f) in 2009, the "narrow approach" was no longer appropriate and a "moderate approach" should be applied instead, allowing amendments to the answer as of right if similar in scope to amendments to the complaint).

*Id.*; *see also W.A. v. Hendrick Hudson Cent. Sch. Dist.*, 219 F. Supp. 3d 421, 483 (S.D.N.Y. 2016) ("Prior to [enactment of the 2009 Amendments], Rule 13(f) provided that '[t]he court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires.' FED. R. CIV. P. 13(f) (repealed 2009). That rule engendered some confusion and so was shelved, with the Advisory Committee explaining in its notes that 'Rule 13(f) is deleted as largely redundant and potentially misleading,' and, instead, '[a]n amendment to add a counterclaim will be governed by Rule 15.' FED. R. CIV. P. 13 advisory committee's note to 2009 amendment.").

As to Caliber's current, "run-of-the-mill amendment request," *W.A.*, 219 F. Supp. 3d at 483, then, Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). And the Court must do so "unless there is a substantial reason to deny leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Thus, while leave to amend is not automatic, *see Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy*, 660 F.2d at 598; *see, e.g., Cline v. Deutsche Bank Nat'l Trust Co.*, No. 3:14-cv-1565-D, 2015 WL 4041791, at *8-*9

(N.D. Tex. July 2, 2015) (in a case removed from state court, granting the defendant leave to amend its pleadings to assert "a counterclaim for breach of contract/action for non-judicial foreclosure" – "The court can discern no compelling reason under [Rule 15(a)(2)'s] lenient standard to deny Deutsche Bank leave to amend.").

Wilder argues that Caliber's proposed counterclaim and third-party claim is outside the scope of this case: "The defendant cannot bring a counterclaim and a third party complaint into a constitutional challenge of a statute or rule. ... The counterclaim and third-party complaint ... rely only on the alleged violations of a breach of contract and are nor germane or connected to the constitutional challenge of the Supreme Court of Texas Rule 736." Dkt. No. 20 at 1-2. But Caliber explains it

> has initiated two foreclosure actions under Texas Rule of Civil Procedure 736 seeking an Order to allow it to foreclose the Loan that is the subject of Defendant's proposed Original Counterclaim and Third-Party Claim. In response to Defendant's filing of each of these actions, Plaintiff filed his own suit, including the instant action, in order to have the Rule 736 foreclosure proceedings dismissed. In order to stop the potentially endless cycle of Plaintiff filing suit in order to have Defendant's Rule 736 foreclosure proceedings dismissed, Defendant's Motion for Leave to file an Original Counterclaim and Third-Party Claim seeking an Order to allow Defendant to proceed with a nonjudicial foreclosure of the Loan should be granted.

Dkt. No. 21 at 1.

Also applicable to the parties' lawsuits,

> "[a] proceeding or order under Rule 736 is automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale." If an automatic stay is in effect, any foreclosure sale of the property is void.

*Reddick v. Deutsche Bank Nat'l Trust Co.*, No. 3:16-cv-1997-D, 2017 WL 6343542, at *3 (N.D. Tex. Dec. 12, 2017) (quoting TEX. R. CIV. P. 736.11(a), then citing TEX. R. CIV. P. 736.11(d); brackets omitted).

And a lender may not assert a Rule 736-based "counterclaim in a borrower's suit against the lender." *Id.* (citing *Steptoe v. JPMorgan Chase Bank, N.A.*, 464 S.W.3d 429, 433 (Tex. App. – Houston [1st Dist.] 2015, no pet.) ("Although not expressly addressed by Rule 736, it is evident ... that a Rule 736 proceeding cannot be brought as a counterclaim in a borrower's suit against the lender. Rather, it is a special, expedited proceeding with a unique procedural mechanism that is not compatible with the administration of a suit brought by a borrower to challenge the propriety of a loan agreement." (citing, in turn, *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 682, 682-83 (Tex. App. – Houston [1st Dist.] 2011, no pet.) (holding that a borrower may not assert a counterclaim in a Rule 736 proceeding)))).

Caliber seeks to end the "cycle of [Wilder] filing suit" through a counterclaim seeking a declaratory judgment authorizing non-judicial foreclosure – not a counterclaim under Rule 736. *See* Dkt. No. 16-7 at 5-7. And, while Texas courts have held that a lender may not assert a Rule 736 counterclaim in a borrower's suit against it – and, conversely, a borrower may not assert a counterclaim in a lender's Rule 736 proceeding – that authority does not seem to support Wilder's argument that Caliber's proposed counterclaim may not be added to a federal action challenging Rule 736 on due process grounds.

And, more importantly, Wilder has not shown that the Court should deny Caliber leave to add that counterclaim because the proposed counterclaim is futile. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (While "the language of [Rule 15(a)] 'evinces a bias in favor of granting leave to amend,' ... a district court need not grant a futile motion to amend." (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting, in turn, *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982)); citation omitted)); *cf. Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) ("When an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,' it is not an abuse of discretion to deny the motion'" for leave to amend. (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).

Therefore, given Rule 15(a)(2)'s "lenient standard," *Cline*, 2015 WL 4041791, at \*9, and the policy of the federal rules – particularly after the 2009 amendments – "to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy*, 660 F.2d at 598, there is no compelling reason to deny Caliber's motion for leave to file its original counterclaim and third-party claim, *see Cline*, 2015 WL 4041791, at \*8-\*9.

**Conclusion**

The Court GRANTS Defendant Caliber Home Loans, Inc.'s Motion for Leave to File Original Counterclaim and Third-Party Claim [Dkt. No. 16] and DIRECTS the Clerk of Court to docket Dkt. No. 16-7 as Caliber Home Loans, Inc.'s Original

Counterclaim and Third-Party Claim.

SO ORDERED.

DATED: February 15, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE